### JOHN CHAFFE & SONS VS. MRS. L. V. VICKERS.

GUNBY, J., *ad hoc.* The law which declares the sale of another's property to be null (C. C. 2452), must be construed together with that which declares that if the thing sold remains in possession of the vendor, and he sells it to another, who gets possession before the first vendee, the last transferree is considered as the true owner, " provided the contract be made on his part *bona fide,* and without knowledge of the former contract."

2. An untenable position urged in the brief of defendant's counsel will not waive the plea of the general issue filed in the answer.

3. Where a debtor gives his plantation and mules in payment of his debt, and afterwards sells the mules and delivers them to another person, the mules will not pass as a part of the realty, unless they were on the place at the time of the sale, and were actually delivered to the vendee.

4. A lease of the place by the vendor to the vendee will not have the effect of completing the delivery of the property, where it is shown that the lease was a sale in disguise, merely intended to secure the vendee's debt.

5. There is no class of engagements more rigidly construed by our law and by our courts than the *dation en paiement.* A fixed price and actual delivery, or its manifest equivalent, are essential to complete the *contract of paying a debt with property,* a

species of transaction which is opposed to the interests and the usages of commerce.

6. It seems to be the policy of our jurisprudence to discourage such contracts, by requiring the fact of delivery to be established with the utmost precision. 3 M. 226; 10 L. 151; 12 L. 375; 20 An. 282; 21 An. 196, 414; 23 An. 699.